DAN M. LEE, Presiding Justice,
dissenting:
Because I cannot join the majority in ordering the automatic disbarment of Bob L. McHann, I write separately to respectfully express my dissent. Rule 6 allows for “Suspensions and Disbarments Based on Other Proceedings.” In this case the other proceedings did not reliably establish the moral turpitude necessary for disbarment of a misdemeanant. Therefore, I would send this matter to a Complaint Tribunal to afford McHann an opportunity to dispute his culpability.
I have no doubt that the summary procedure described in Rule 6 contributes to the expeditious handling of disciplinary matters. However, ease of administration is not the only worthy goal to be considered by this Court when attempting to maintain the integrity of the bar.
Rule 6 describes certain misdemeanors that result in disbarment with only abbreviated fact finding proceedings. These misdemeanors all involve a culpable intent that is inconsistent with the values and judgment capabilities necessary to members of the legal profession (i.e. fraud, dishonesty, misrepresentation, deceit, etc.). The clear intent of the rule is to avoid duplicative procedures where reliable information establishes the aforementioned mental state.
In a typical case, a factual finding of guilt, including the necessary mens rea, will be made at trial. Thus I can reluctantly accept a rule that affords no further procedural safeguards for an attorney convicted after a full blown trial. Likewise, the rule provides for automatic disbarment for any felony. Consequently, the dishonest mental state is not relevant, and no further proceedings are necessary. Both these cases are fundamentally different from the case sub judice.
In the present case, McHann admits the conduct but denies the intent to defraud. He claims that he entered his guilty plea based on practical considerations involving a weighing of the monetary and other costs of defending versus the trivial criminal consequences of a guilty plea. Automatic disbarment was apparently not considered as a consequence of the guilty plea. The critical question for now is not whether we believe McHann but whether we may punish a certain mental state without ever having established that it in fact existed. I do not see how we can and remain true to *704 the standards of fundamental fairness contained in the right to due process.
For the foregoing reasons, I would send this matter to a properly designated complaint tribunal for a factual determination of whether McHann’s actions warrant disbarment.
McRAE, J., joins this dissent.